UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-81385-CIV-MARRA

LIFESTYLE VACATION INCENTIVES, LLC,
a Florida limited liability company,
and THOMAS COOK USA HOLDINGS, INC.,
a Florida corporation,

    Plaintiffs,

v.

KEN STERNFELD, an individual,
ATRIUM ENTERPRISES, LTD, an unknown
Business entity, and DALE FOWLER, an individual,
and DOES 1–3, unknown individuals or entities,

    Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Counter-Defendants' Motion to Dismiss Counter-Plaintiff Ken Sternfeld's Second Amended Counterclaim and Counter-Plaintiff Atrium Enterprises, LTD's Third Amended Counterclaim (DE 65). Counter-Plaintiffs Ken Sternfeld ("Sternfeld") and Atrium Enterprises, LTD ("Atrium") responded (DE 68), and Counter-Defendants Lifestyle Vacation Incentives, LLC ("LVI") and Thomas Cook USA Holdings, Inc. ("TCUSA") replied. (DE 69). Additionally, Sternfeld's and Atrium's Request for Oral Argument (DE 70) is before the Court. LVI and TCUSA responded indicating that they had no objections. (DE 71). These matters are now ripe for review.

**I. Background**

Plaintiff companies are affiliates of Thomas Cook Ltd., and are engaged in the business of providing premium travel benefits under the family of trademarks "Thomas Cook." Compl., ¶¶ 10-15 (DE 1). Defendant Dale Fowler ("Fowler") was the President of LVI. *Id.*, ¶ 5.

Through Fowler, LVI entered into a broker agreement with Defendant Ken Sternfeld ("Sternfeld") to market LVI's travel benefits ("Sternfeld Broker Agreement"). Compl., Ex. 6 (DE 1-6). Thereafter, LVI entered into a customer service agreement with Atrium Enterprises ("Atrium Customer Service Agreement"). Compl., Ex. 7 (DE 1-7). The Atrium Customer Service Agreement was signed by Fowler on behalf of LVI and by Sternfeld on behalf of Atrium Enterprises ("Atrium"). *Id.* According to their terms, both Agreements are governed by Florida law. Broker Agreement, ¶ 20 (DE 1-6); Customer Service Agreement, sec. (VI)(B) (DE 1-7).

Plaintiffs LVI and TCUSA assert that Fowler and Sternfeld conspired to misappropriate funds due to LVI from a customer called Foxwoods. Compl., ¶¶ 41-67 (DE 1). Additionally, Plaintiffs state that Defendants issued and distributed counterfeit travel certificates using Thomas Cook trademarks without authorization. Compl., ¶¶ 68-89 (DE 1). Consequently, Plaintiffs allege trademark infringement and other claims against Defendants. Compl. (DE 1).

Sternfeld and Atrium countersued. Some counterclaims were withdrawn, and some were dismissed by the Court with leave to amend. (DE 47, 59). Ultimately, Sternfeld's Second Amended Counterclaim and Atrium's Third Amended Counterclaim were filed. (DE 64). Sternfeld and Atrium brought five breach of contract counts as to various customers (Counts I-V), and one count of fraudulent inducement (Count VI). *Id.* Subsequently, Sternfeld and Atrium withdrew their counterclaim for fraudulent inducement. (DE 74). In particular, the remaining counterclaims charge breaches of the Sternfeld Broker Agreement with respect to commissions on sales to customers Cambridge Who's Who, Foxwoods, and Electronics Expo; and breaches of the Atrium Customer Service Agreement with respect to the transactions with Foxwoods and with respect to

reimbursement of Atrium's printing costs.[1] (DE 64). Sternfeld and Atrium allege that the Court has jurisdiction over the counterclaims pursuant to 28 U.S.C. §§ 1332 and 1367. *Id.*

After the Motion to Dismiss ("Motion") and the Request for Oral Argument had been fully briefed, Sternfeld's and Atrium's attorney was allowed to withdraw, and the case was stayed until the appearance of counsel for Atrium. (DE 79). Such counsel has not appeared yet, but because these matters had been fully briefed before the case was stayed, the Court will resolve them now.

In the Motion, LVI and TCUSA argue that Sternfeld did not and cannot allege that the conditions precedent to the receipt of funds from LVI were satisfied, and that the Atrium Customer Service Agreement did not contain the terms which Atrium alleges were violated. Sternfeld and Atrium respond generally that the claims adequately put Counter-Defendants on notice, and that the allegations are sufficient to survive the Motion to Dismiss.

## II. Discussion

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Overall, a complaint must "give

---

[1] The Court notes that the Sternfeld Broker Agreement and the Atrium Customer Service Agreement are not attached to the Counterclaim, but that the counterclaims refer to the Exhibits to the original Complaint, which contain the Agreements (DE 1-6, -7). Counterclaim, ¶¶ 9, 16, 24, 31, 39 (DE 64). Accordingly, the Court will consider the Agreements to be part of Counter-Plaintiffs' pleadings.

the defendant fair notice of what the claim is and the grounds upon which it rests." *Id.* (internal quotation omitted); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

**1. Governing law**

Because jurisdiction in this case is premised on diversity, the court must use the choice-of-law rules of the forum jurisdiction to determine the governing state law. *See LaFarge Corp. v. Travelers Indem. Co.*, 118 F.3d 1511, 1515 (11th Cir. 1997); *Pendergast v. Sprint Nextel Corp.*, 592 F.3d 1119, 1132 (11th Cir. 2010). Under the laws of Florida, the forum state, "'[w]hen the parties to a contract have indicated their intention as to the law which is to govern, it will be governed in accordance with the intent of the parties.'" *Forzley v. AVCO Corp. Electronics Div.*, 826 F.2d 974, 978 (11th Cir. 1987) (quoting *Department of Motor Vehicles v. Mercedes-Benz of North America, Inc.*, 408 So.2d 627, 629 (Fla. Dist. Ct. App.1981)). Because the Agreements indicate that Florida law governs, the Court will apply Florida law.

**2. Breach of Sternfeld Broker Agreement (Counts I-III)**

LVI and TCUSA argue that Sternfeld does not state a claim upon which relief may be granted

because he fails to allege that LVI received payment from Sternfeld's clients, which the movants deem to be a condition precedent to any entitlement to commissions. However, the Court finds that Sternfeld has adequately pled his breach of contract claims.

Ordinarily, "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c); *Fitz-Patrick v. Commonwealth Oil Co.*, 285 F.2d 726, 729 (5th Cir. 1960). Further, to state a claim for breach of contract, a plaintiff must allege (1) a valid contract; (2) a material breach; and (3) damages. *Beck v. Lazard Freres & Co.*, LLC, 175 F.3d 913, 914 (11th Cir. 1999) (Florida law); *Onuss Ortak Nokta Uluslararasi Haberlesme Sistem Servis Bilgisayar Yazilim Danismanlik ve Dis Ticaret Ltd. Sirketi v. Terminal Exch., LLC*, 09-80720-CIV-MARRA, 2010 WL 935972 (S.D. Fla. Mar. 10, 2010) (same).

Here, the Sternfeld Broker Agreement states in relevant part:

5. Compensation
a) [Sternfeld] shall be paid a commission pursuant to Exhibit A[2] attached hereto and made a part hereof for each Travel Benefit Included in a program sold by LVI to clients, Customers or members referred to LVI by [Sternfeld].
b) LVI shall pay [Sternfeld] such commissions within 15 days of LVI's receipt of payment from [Sternfeld's] Client(s).

Broker Agreement, ¶ 5 (DE 1-7).

LVI and TCUSA argue that Sternfeld does not allege and cannot allege that his clients paid LVI. Moreover, the counterclaim does not contain a general allegation that all conditions precedent have been met. However, the counterclaim asserts that Sternfeld entered into a Broker Agreement and was entitled to receive commissions; that "Sternfeld performed as required by the Broker

---

[2]Exhibit A is a commission schedule for the following LVI products: Air or Cruise Check, Boarding Pass "Two Fly Free," Free Companion Ticket Certificate, Free Companion Cruise Certificate, Free Companion Air/Cruise Combo, Golf or Beauty, Free Flight, LVI Steals N Deals Site. Broker Agreement, Ex. A (DE 1-6).

5

Agreement;" and that "products were sold pursuant to the Broker Agreement for which Sternfeld has not been paid." Counterclaim, ¶¶ 9-29 (DE 64). In particular, Sternfeld alleges that he sold "LVI Travel Memberships (referred to as Steals N Deals Membership)" to the customer Cambridge Who's Who, and sold Free Companion Ticket Certificates to the customers Foxwoods Resort Casinos and Electronics Expo, LLC. *Id.*, ¶¶11, 18, 26. These factual allegations are sufficiently specific, and Sternfeld has alleged the necessary elements to state a breach of contract claim. Moreover, the allegations give Counter-Defendants a fair notice of the claims and the grounds upon which the claims rest. *See Davis*, 516 F.3d at 974. Accordingly, Sternfeld has adequately pled his breach of contract counts.

**3. Breach of Atrium Customer Service Agreement (Counts IV - V)**

LVI and TCUSA argue that Atrium does not state a valid breach of contract claim because the Atrium Customer Service Agreement does not entitle Atrium to any payments. The Court finds that this argument is meritorious.

> Atrium alleges:
>
> 31. That Atrium entered in a Customer Service Agreement as of January 13, 2009 with LVI [DE 1-7].
> 32. Pursuant to the Customer Service Agreement, Atrium was entitled to purchase LVI products and then offer them to Atrium clients, customers and/or consumers as incentives or promotional items based on acquiring the product at a net cost from LVI.
> 33. That other Customer Service Agreements in place with numerous LVI clients allowed those clients to mark up the products to realize a profit on their sales. LVI is paid the net cost by the client and on numerous circumstances then pays the client mark up when they take the billing for larger volume opportunities, as was the case with Foxwoods.
> 34. That Atrium performed as required under the Agreement and more specifically purchased Free Companion Ticket Certificates from LVI at net cost and then sold them to Foxwoods with mark up as one of its clients and customers.
> 35. That as a result of the foregoing, Atrium is entitled to be paid from LVI for the full amount of mark up from net cost to selling cost on all sales made to Foxwoods

>for any Free Companion Ticket Certificates that were purchased by Foxwoods and withheld from Atrium.

Counterclaim, ¶¶ 31-35 (DE 64).

Further, Atrium asserts that at the direction of LVI it printed the certificates for Foxwoods at a cost of $20,405, and that "other Customer Service Agreements in place with numerous LVI clients always included the cost of printing for certificates to be paid by LVI." *Id.*, ¶¶ 41-42. However, the only specifically identified contract upon which Atrium relies in its claims is the Atrium Customer Service Agreement (DE 1-7). *Id.*, ¶¶ 31, 39.

In contrast to the allegations, the Atrium Customer Service Agreement only provides for compensation to be paid by Atrium to LVI per member of the "Steal N Deals" site. Customer Service Agreement (DE 1-7). The Agreement contains a clause that "from time to time, the parties may agree on further and particular Fees, which Fees shall be set out in Confirmations and POs." Customer Service Agreement, Ex. B, sec. (I)(B) (DE 1-7). However, Atrium does not allege that any further contracts were formed, or that any Confirmations or POs modifying the terms of the Atrium Customer Service Agreement exist. Further, the Atrium Customer Service Agreement is silent as to any alleged markup due to Atrium, and as to the reimbursement of any printing costs.

"Where there is a conflict between allegations in a pleading and exhibits thereto, it is well settled that the exhibits control." *Tucker v. Nat'l Linen Serv. Corp.*, 200 F.2d 858, 864 (5th Cir. 1953); *see also Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007). Here, the Atrium Customer Service Agreement does not support the allegations, and the general statement that "other Customer Service Agreements in place with numerous LVI clients" is not specific enough to give Counter-Defendants a fair notice of the basis of the claims. Thus, Atrium has not adequately pled the elements of a breach of contract claim, and Atrium's Third Amended Counterclaim cannot

survive the Motion to Dismiss.

### III. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Counter-Defendants' Motion to Dismiss Counter-Plaintiff Ken Sternfeld's Second Amended Counterclaim and Counter-Plaintiff Atrium Enterprises, LTD's Third Amended Counterclaim (DE 65) is **GRANTED IN PART AND DENIED IN PART**. The Motion is **DENIED** as to Ken Sternfeld's claims (Counts I - III), and **GRANTED without prejudice** as to Atrium Enterprises, LTD's claims (Counts IV - V). The Motion is **DENIED AS MOOT** as to Count VI.

Atrium will have leave to amend. However, Atrium has had multiple opportunities to amend its counterclaims. Therefore, it is warned that any further failure to adequately plead a counterclaim may result in denial of any further leave to amend.

Moreover, on September 5, 2013 Atrium was ordered to obtain counsel within 30 days. (DE 79). However, it is still unrepresented. Accordingly, **Atrium will show cause within 15 days from the date of this Order** as to why the Court should not sanction it for failure to comply with the Order to obtain counsel (DE 79). Once the issue of representation is resolved, new deadlines will be established.

Counter-Plaintiffs' Request for Oral Argument (DE 70) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 9th day of December, 2013.

_____
KENNETH A. MARRA
United States District Judge